# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>HILMAR PROPERTIES LIMITED LIABILITY COMPANT, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 1:16-cv-01664-LJO-BAM<br><br>ORDER DENYING STIPULATION TO AMEND THE SCHEDULING ORDER AND OTHERWISE STAY THE CASE |

Before the Court is the stipulation of counsel to amend the scheduling order. (Doc. 18). In the stipulation, the parties insist that good cause exists to modify the scheduling order, stay the case, and vacate the trial date because the parties have been unable to complete discovery while waiting to begin settlement negotiations that have been hampered by defense counsel's inability to get in contact with her client. Because the parties have yet to conduct discovery, the parties ask that the Court modify the scheduling order to accommodate defense counsel's impending withdrawal and set a new scheduling conference so that discovery may begin anew.

Having considered the arguments of the parties, the stipulation to modify the scheduling order and stay the case is DENIED without prejudice. A scheduling order may be modified only for good cause pursuant to Fed. R. Civ. P. 16(b). Rule 16(b)'s good cause inquiry focuses primarily on the movants diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000) (Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking modification). The parties have not demonstrated that they have been diligent in

1

litigating this matter. Although defense counsel has been unable to reach her client since June 19, 2017, she has not moved for withdrawal for over four months and she now seeks an additional sixty days to prepare the already belated motion. Additionally, the parties' settlement efforts, standing alone, do not constitute good cause to modify the scheduling order. *See Lehman Bros. Holdings v. Golden Empire Mortg., Inc*., No. 09-cv-01018-LJO-JLT2010 WL 2679907 *2 (E.D. Cal., July 2, 2010).

By waiting until October 28, 2017, a mere two days before the dispositive motion deadline and well after the parties clearly had knowledge that discovery had expired and defendant remained unresponsive, the Court cannot find good cause to modify the scheduling order. Having denied the stipulation, counsel for Defendant must turn her attention to withdrawing from this case well before the pretrial conference set for January 9, 2018. Similarly, Plaintiff must decide how she plans to proceed going forward now that the time for discovery is closed. In the event that counsel for defendant is permitted to withdraw, Plaintiff may renew her request to modify the scheduling order at that time.

For the reasons stated above, IT IS HEREBY ORDERED that the stipulation for leave to amend the scheduling order is DENIED without prejudice and trial will remain as set on February 27, 2018.

IT IS SO ORDERED.

Dated: **November 6, 2017**      /s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE